United States District Court
Northern District of California

| | |
|---|---|
| GERALD DARRINGER AND CAROL DARRINGER,<br><br>       Plaintiffs,<br><br>   v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>       Defendant. | Case No.  5:15-cv-00300-RMW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 18 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiffs Gerald Darringer and Carol Darringer's (collectively, "the Darringers") First Amended Complaint ("FAC") against defendant Intuitive Surgical, Inc. ("Intuitive") alleges claims of products liability, negligence, and loss of consortium. Dkt. No. 15 (FAC). Defendant filed a motion to dismiss ("MTD") the FAC under Federal Rule of Civil Procedure 12(b)(6) on the grounds that it fails to state a claim upon which relief can be granted. Dkt. No. 18 (MTD). For the reasons stated below, the Court GRANTS Defendant's Motion to Dismiss with leave to amend.

**I.   BACKGROUND**

   **A.   Factual Background**

This dispute centers on the negative experiences Gerald Darringer ("Darringer") suffered after undergoing a surgery using the da Vinci robotic platform ("Da Vinci Robot") manufactured

by Intuitive. Intuitive is a major designer and manufacturer of surgical robotic products, including the Da Vinci Robot. FAC ¶¶ 9-11. Intuitive promotes the Da Vinci Robot to hospitals and on websites, claiming that it is safe and safer than other comparative surgery methods. FAC ¶¶ 12-14.

Darringer was advised to undergo a laparoscopic left pyeloplasty.[1] FAC ¶ 4. His physician provided him with information and materials promoting the use of the Da Vinci Robot prepared by Intuitive. FAC ¶ 5. Darringer's physician told him that by choosing to use the Da Vinci Robot, he would heal more quickly, have a better outcome, and suffer less pain. FAC ¶ 5.

On February 16, 2012, Darringer underwent a surgery using the Da Vinci Robot. FAC ¶ 6. Darringer agreed to the use of the Da Vinci Robot based on representations made by his physician and on the written materials provided to him. FAC ¶ 6. As a result of the surgery, Darringer suffered injuries, including "severe vascular injuries, transected veins, and shock from bleeding." FAC ¶ 6. Due to those injuries, Darringer will have to undergo additional medical procedures and will continue to suffer "pain, loss of function, emotional distress, and permanent injury." FAC ¶ 6.

The Darringers allege that Intuitive "breached its duty by failing to exercise ordinary care in the preparation, design, research, testing, development, manufacturing, inspection, labeling, marketing, promotion, advertising, and selling" of the Da Vinci Robot. FAC ¶ 42. The Darringers also allege that Intuitive's advertising and promotional materials "did not accurately reflect the serious and potentially fatal side effects" of the Da Vinci Robot and that Darringer's injuries were a consequence of Intuitive's "negligence, willful, wanton, and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts." FAC ¶¶ 60, 62. Moreover, Darringer alleges that he "could not, through the exercise of reasonable care, have discovered the risk of serious injury and/or death associated with and/or caused by" the Da Vinci Robot. FAC ¶ 59.

---

[1] A laparoscopic pyeloplasty is a type of minimally invasive reconstructive surgery used to correct a blockage or narrowing of the ureter where it leaves the kidney.

5:15-cv-00300-RMW
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
DCD/LM

2

**B.     Procedural Background**

The Darringers filed their first complaint on January 1, 2015, and filed an amended complaint on May 11, 2015. Dkt. Nos. 1, 15. Intuitive moved to dismiss the amended complaint on June 2, 2015. Dkt. No. 18. The Darringers filed an opposition on June 6, 2015, Dkt. No. 21, and Intuitive replied on June 23, 2015, Dkt. No. 23.

**II.    LEGAL STANDARDS**

**A.     Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Such a motion tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

**B.     Rule 9(b)**

Claims sounding in fraud or mistake are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which require that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see Kearns v. Ford Motor*

1  *Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). To satisfy the heightened standard under Rule 9(b),
2  the allegations must be "specific enough to give defendants notice of the particular misconduct which
3  is alleged to constitute the fraud charged so that they can defend against the charge and not just
4  deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.
5  1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific
6  content of the false representations as well as the identities of the parties to the
7  misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam)
8  (internal quotation marks and citation omitted). A plaintiff "must set forth what is false or
9  misleading about a statement, and why it is false." *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541,
10 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in Marksman*
11 *Partners, L.P. v. Chantal Pharm. Corp.*, 927 F. Supp. 1297, 1309 (C.D. Cal. 1996). However,
12 "intent, knowledge, and other conditions of a person's mind" need not be stated with particularity,
13 and "may be alleged generally." Fed. R. Civ. P. 9(b).

### C. Leave to Amend

If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

The Darringers' FAC alleges products liability, negligence, and loss of consortium against

Intuitive. Under California Code of Civil Procedure § 335.1 there is a two-year statute of limitations to bring these personal injury claims. However, the delayed discovery rule may be invoked to toll the statute of limitations until "the plaintiff knows both the existence and cause of his injury." *Garcia v. Brockway*, 526 F.3d 456, 465 (9th Cir. 2008) (quoting *United States v. Kubrick*, 444 U.S. 111, 113 (1979)). In order to rely on the delayed discovery rule, a plaintiff must specifically plead facts showing (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) (emphasis in original).

The Darringers argue that the statute of limitations should be tolled pursuant to the discovery rule. Intuitive seeks to dismiss the Darringer's FAC on the grounds that the two-year statute of limitations has expired and that the Darringers did not plead facts sufficient to invoke the discovery rule.

### A.     Statute of Limitations

The Darringers' claims are subject to a two-year statute of limitations. Cal. Code Civ. Proc. § 335.1. Under California law, the limitations period starts to run "from the moment a claim accrues." *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1191 (2013). The "last element" accrual rule provides that absent any equitable exception, a claim accrues upon "'the occurrence of the last element essential to the cause of action.'" *Id.* (quoting *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal. 3d 176, 187 (1971)). "That a plaintiff is unaware of the cause of action or the identity of the wrongdoer does not delay the running of the statute." *Saliter v. Pierce Bros. Mortuaries*, 81 Cal. App. 3d 292, 296 (1978).

Here, the Darringers' claims accrued upon the date of the surgery using the Da Vinci Robot, which occurred on February 6, 2012. *See* FAC ¶ 60. Darringer alleges that Intuitive actively concealed risks and complications associated with the Da Vinci Robot and that, as a result, he could not have discovered that his injuries were caused by the device. FAC ¶¶ 26, 35, 37, 59. However, as in *Saltier*, this lack of knowledge itself does not impede the running of the

statute. *See* 81 Cal. App. 3d at 296. Accordingly, the date of surgery is the date on which Darringer suffered his injury, and the date on which the claims accrued. Because the Darringers brought the instant action on January 21, 2015, two years and eleven months *after* their claims accrued, the limitations period for their claims had run by at least eleven months. As the Darringers' claims are subject to a two-year statute of limitations, Cal. Code Civ. Proc. § 335.1, the Darringers' claims are time-barred under the relevant statute of limitations.

### B.      Delayed Discovery Rule

As the Darringers' claim is time-barred, the Court now considers whether to toll the statute of limitations under the "delayed discovery" rule. The Darringers argue that tolling should apply because Darringer could not have discovered that his injuries were caused by the Da Vinci Robot, as Intuitive actively concealed risks and complications associated with the device. *See* Opp. at 5-6; FAC ¶¶ 26, 35, 37, 59. However, the Court concludes that because the Darringers' FAC pleads insufficient facts to invoke the delayed discovery rule, the statute of limitations has not been tolled, and the Darringers' claims are accordingly time-barred under California Code of Civil Procedure § 335.1.

"In California, the discovery rule postpones accrual of a claim until 'the plaintiff discovers, or has reason to discover, the cause of action.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008) (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 391 (1999)). "A plaintiff whose complaint shows on its face that [her] claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand" a motion to dismiss. *E–Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1319 (2007) (internal quotations and citation omitted). "[P]laintiffs are charged with presumptive knowledge of an injury if they have information of circumstances to put [them] on inquiry or if they have the opportunity to obtain knowledge from sources open to [their] supervision." *Fox*, 35 Cal. 4th at 807-08 (internal

quotation marks omitted) (emphasis in original). The delayed discovery rule is available to toll the statute of limitations under California Code of Civil Procedure § 335.1. *See id.* at 914 (delayed discovery rule applies to products liability claims).

Here, the Darringers have not met either their burden of pleading the time and manner of discovery, or of pleading facts that show their diligence. The Darringers' FAC contains insufficient allegations with respect to the time and manner of their discovery of the facts giving rise to their claims, and provides no basis for the Court to conclude that they were unable to discover such facts earlier despite reasonable diligence.

First, Darringer merely pleads that that Intuitive "suppressed reports and complaints of complications and performance errors due to the use of [the Da Vinci robot]" and did not give the medical community and consumers information that "accurately reflect[ed] the serious and potentially fatal side effects" of the DaVinci Robot. FAC ¶¶ 26, 60. These allegations do not explain *when* or *how* he made the discovery of the alleged misrepresentations.

Second, Darringer pleads no facts that would support a finding that he was "not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts to put him on inquiry." *Clemens*, 534 F.3d at 1024 (internal quotations and citation omitted). Darringer simply concludes that he "could not, through the exercise of reasonable care, have discovered the risk of serious injury and/or death associated with and/or caused by the [Da Vinci Robot]." Darringer does not explain why he could not have discovered these risks earlier. Furthermore, nothing in the FAC provides the Court a basis to conclude that Darringer was unable to learn of Intuitive's alleged misrepresentations *despite reasonable diligence*. *See Keilholtz v. Lennox Hearth Prods.*, No. 08-cv-00836-CW, 2009 WL 2905960, at *4 (N.D. Cal. Sept. 8, 2009) (holding that plaintiff's claims based on alleged misrepresentations were barred by the statute of limitations because plaintiff "fail[ed] to plead sufficient facts regarding their lack of knowledge of Defendants' alleged fraud, lack of the means to discover the alleged fraud and how and when the alleged fraud was actually discovered"); *Coward v. JP Morgan Chase Bank, Nat'l Ass'n*, No.

2:11-03378-GEB-DAD, 2012 WL 1552773, at *5 (E.D. Cal. Apr. 30, 2012) (holding plaintiff's claim that "any applicable statutes of limitation have been tolled by Defendants' continuing, knowing, and active concealment of the facts" was insufficient to show delayed discovery.). Interestingly, Darringer's opposition to the present motion states that "Intuitive has already been sued multiple times for injuries caused by the same alleged defect in the [Da Vinci Robot]" and cites two such cases within this District. Opp. at 2 (citing *Kucharczyk v. Intuitive Surgical, Inc.*, No. 12-cv-03760-JSW, filed on 07/18/2012 and *Cosby et al. v. Intuitive Surgical, Inc.*, No. 14-cv-00293-JSW, filed on 01/20/2014). Both of these cases were filed before the statute of limitations expired in Darringer's case and thus, could have put Darringer on notice. *See Fox*, 110 P.3d at 914 ("[P]laintiffs are charged with presumptive knowledge of an injury if they have information of circumstances to put [them] on inquiry or if they have the opportunity to obtain knowledge from sources open to [their] supervision.").

In his opposition, Darringer cites *Santa Maria v. Pacific Bell*, 202 F.3d 1170 (9th Cir. 2000) in support of his argument that the delayed discovery rule should apply to toll the limitations period for his claims. Opp. at 6. In *Santa Maria*, the court held that "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." 202 F.3d at 1178. However, there, the court did not apply equitable tolling because the plaintiff gained access to vital information before the limitations period for his claim had expired. *Id.* at 1178-79. Furthermore, just a year later, the Ninth Circuit rejected the *Santa Maria* approach to tolling in light of an intervening Supreme Court decision." *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1195 (9th Cir. 2001) (en banc) ("The approach taken in *Santa Maria* was also explicitly rejected by the Supreme Court in *Burnett* [*v. New York Central Railroad Co.*, 380 U.S. 424 (1965)]."); *accord Zamorano v. City of Jacinto*, 585 Fed. Appx. 397, 398 (9th Cir. 2014) (recognizing overruling of *Santa Maria* by *Socop-Gonzalez*). In *Socop-Gonzalez*, the court found that:

5:15-cv-00300-RMW
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
DCD/LM

8

> While under the conventional tolling rule there may be uncertainty in any given case whether equitable tolling will apply at all, the parties are able to calculate with some certainty the date on which the period would run if tolling is applied, and act accordingly. Moreover, litigants across the board are given the same amount of time in which to file a claim. The *Santa Maria* rule, in contrast, promotes inconsistency of application and uncertainty of calculation, thus undermining two of the purposes served by statutes of limitations.

272 F.3d at 1195.

Invocation of the discovery rule requires more than simply alleging that discovery was delayed. *See Fox*, 35 Cal. 4th at 808 ("In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand [a motion to dismiss].'") (internal quotation marks and citation omitted). Darringer's conclusory allegations in the FAC do not explain why he was unable to make the discovery sooner. Thus, the Darringers' claims in the FAC are insufficient to establish his diligence and to toll the statute of limitations for their claims. Because the Darringers have failed to meet their burden to adequately plead facts supporting equitable tolling under the discovery rule, the Darringers' claims are time-barred.

Intuitive also complains that the FAC pleads insufficient facts to support the Darringers' claims for punitive damages, injunctive relief, and attorney's fees. Mtn. at 5-10. The FAC does not contain any specific factual allegations to support an award of punitive damages, injunctive relief, or attorney's fees.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss. However, because the Darringers may be able to correct the deficiencies in their allegations, the Court grants the Darringers leave to amend.

**IV.   ORDER**

For the reasons explained above, the Court GRANTS Defendant's Motion to Dismiss the FAC. Plaintiff is given leave until August 20, 2015 to file a second amended complaint.

5:15-cv-00300-RMW
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
DCD/LM

9

1  **IT IS SO ORDERED**.

2  Dated: August 3, 2015

3  

4  Ronald M. Whyte
   United States District Judge

27  5:15-cv-00300-RMW
    ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
28  DCD/LM